Karen Bretz
Alaska Bar Number 9911058
P.O. Box 91457
Anchorage, AK  99509
(907) 277-5847 Voice
(907) 277-5848 Facsimile
email:  kbretz@alaska.net

Attorney for Virginia Duffy

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| VIRGINIA DUFFY,                )<br>                                           )<br>          Plaintiff,                 )<br>                                           )<br>      v.                                   )<br>                                           )<br>MUNICIPALITY OF ANCHORAGE,   )<br>ROY LEBLANC, individually and in       )<br>his capacity as a police officer for the    )<br>Municipality of Anchorage, and          )<br>JAMES ESTES, individually and in his  )<br>capacity as a police officer for the         )<br>Municipality of Anchorage,               )<br>                                           )<br>          Defendants.             )<br>_____)  | Case No. A05-0152 CV (TMB) |

## JOINT STATUS REPORT TO THE COURT

Pursuant to the Court's order of May 8, 2006, the plaintiff, by and through counsel, files the parties' joint status report:

**A.   Nature of the Case**

1.   The lead attorneys are Karen Bretz, Attorney at Law, for the plaintiff, and Mary Pinkel, Assistant Municipal Attorney, for all defendants.

2. The basis for federal jurisdiction is federal question. Plaintiff's complaint invokes 42 U.S.C. section 1983.

3. The nature of the claims asserted in the complaint are deprivation of constitutional rights, assault and battery, false arrest and false imprisonment, violation of state constitution, violation of state law, and violation of civil rights (42 U.S.C. section 1983). No counterclaims have been filed. The defendants have asserted the defense of qualified immunity.

4. All parties have been served.

5. Plaintiff believes that the principal legal issues include:

a. Whether Officer LeBlanc had reasonable suspicion to conduct an investigatory stop of Ms. Duffy.

b. Whether Officers LeBlanc and Estes had probable cause to arrest Ms. Duffy for driving under the influence.

c. Whether Officer LeBlanc's search of Ms. Duffy's backpack without a search warrant was unreasonable.

d. Whether Officers LeBlanc and Estes are shielded from liability under the doctrine of qualified immunity.

e. Whether Officers LeBlanc and Estes acted with malice, and/or with reckless disregard for Ms. Duffy's rights and interests, and whether their actions were outrageous.

Defendants believe that the principal issues include:

    a. Did the officers deprive Ms. Duffy of her constitutional rights?

    b. Did the officers assault Ms. Duffy?

    c. Did the officers falsely arrest Ms. Duffy?

    d. Did the officers violate the state constitution in regard to Ms. Duffy?

    e. Did the officers violate AS 11.76.110 in regard to Ms. Duffy?

    f. Did the officers violate Ms. Duffy's rights under 42 U.S.C. section 1983?

    g. Are the officers entitled to qualified immunity on the basis that they did not violate a constitutional right in regard to Ms. Duffy? In the alternative, if the officers did violate a constitutional right, would it be clear to a reasonable officer that such conduct was unlawful?

  6. Plaintiff believes that the principal factual issues include:

    a. Whether immediately prior to the investigatory stop, Ms. Duffy was driving 10 miles below the speed limit and was weaving in her lane.

    b. Whether Ms. Duffy told the officers that she has a disability.

  Defendants believe that the principal factual issues include:

    a. Whether the officer had reasonable suspicion to stop Ms. Duffy.

    b. Whether the officer had probable cause to arrest Ms. Duffy.

 **B.** **Discovery**

1. The parties have exchanged disclosures. The Municipality has served interrogatories on the plaintiff, which the plaintiff has answered. Plaintiff intends to serve discovery requests on the Municipality. No depositions have taken place yet. The Municipality has supplemented its disclosures.

2. There are no pending motions. The parties intend to file motions for summary judgment. The Municipality intends to file a motion for summary judgment on qualified immunity grounds. The parties may file discovery motions.

3. No substantive motions have been filed or ruled upon.

4. There have not been any previously filed status reports.

**C.   Trial**

1. The parties anticipate a four to five day trial. A jury trial has been requested.

**D.   Settlement**

1. The parties intend to request a settlement conference or mediation once some of the issues in the case have been resolved through motion practice.

DATED this 17th day of May, 2006.

/s/ Karen E. Bretz
Karen Bretz
Attorney at Law
Alaska Bar Number 9911058
P.O. Box 91457
Anchorage, AK  99509
(907) 277-5847 Voice
(907) 277-5848 Facsimile
email:  kbretz@alaska.net

Certificate of Service

I certify that a true and correct copy of the foregoing document was served upon the appropriate party by serving a copy thereof electronically to the party listed below:

Mary Pinkel, Assistant Municipal Attorney

on this 17th day of May, 2006.

Signed: /s/ Karen E. Bretz