## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| VIRGINIA DUFFY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| MUNICIPALITY OF ANCHORAGE, | ) |
| ROY LEBLANC, individually and in | ) |
| his capacity as a police officer for the | ) |
| Municipality of Anchorage, and | ) |
| JAMES ESTES, individually and in his | ) |
| Capacity as a police officer for the | ) |
| Municipality of Anchorage, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) U.S. District Court No. 3:05-cv-00152-TMB |

### **PROTECTIVE ORDER**

Defendants, the Anchorage Police Department, Officer Roy LeBlanc and Officer James Estes ("the Municipal Defendants"), through counsel, the Municipal Attorney, and the Plaintiff, Virginia Duffy, through counsel, Karen Bretz, HEREBY AGREE AND STIPULATE THAT THE Anchorage Police Department ("APD") policy and procedure information and training materials ("APD materials" or "documents") responsive to Plaintiff's discovery request merit court protection against disclosure to minimize the risk that lawbreakers will gain prior knowledge of police techniques, and to permit police personnel to carry out law enforcement work without undue interference or hazard. The parties stipulate and agree that the APD materials requested by Plaintiff through discovery in this case shall be disclosed only to Plaintiff's counsel and Plaintiff. Upon entry of the

Court's order on this stipulation, the Municipality shall produce copies of these APD materials to Plaintiff's counsel, Karen Bretz. Plaintiff's counsel shall not make, nor permit to be made, copies of the documents for anyone, including the Plaintiff. However, Plaintiff's counsel may show these documents to Plaintiff. In addition, Plaintiff's counsel and Plaintiff shall not disclose, cause to be disclosed, or allow to be disclosed, the documents or any of their contents to any person or entity not directly related to this case.

The parties further stipulate that if Plaintiff wishes to refer to any such document from the APD materials in a pleading, motion, and exhibit or in any other manner in this matter, that she will submit the documents to this court under seal for its review. The court will then determine whether and how the documents might be used in this matter without unduly risking re-disclosure. In the event the Plaintiff uses the APD materials produced in further proceedings in this matter, she will instruct the court clerk to designate the records "confidential" and will request that the clerk transcribe the confidential portions on a separate record with the documents utilized also included and marked "confidential." All parties agree that these APD materials are produced pursuant to this Protective Order and shall not be used or referred to in any other litigation. All documents shall be returned to the Office of the Municipal Attorney at the conclusion of this case. This Stipulation for Protective Order addresses the following documents, as redacted, and the contents thereof:

1. 03.02.020 Arrests –General Operational Procedures
2. 03.02.025 Arrests—Misdemeanors—Operational Procedures
3. 03.03.005 Traffic Law Enforcement – Operational Procedures
4. 03.01.080 Calls For Service-Driving While Intoxicated (12/31/95)

5. Driving Under the Influence Procedures effective 12/5/05 (replaces DUI 10-3-2005)

6. 03.07.005 Response to Resistance

7. Search Incident to Arrest Cases from Training Materials in blue notebook entitled "Alaska Legal Briefs"

8. 03.04.010 Impoundment-Operational Procedure

9. Officer's Notebook on standardized field sobriety tests (Bates no. 0000055)

10. DWI Detection and Standardized Field Sobriety Testing Student Manual (Bates No. 000056-000318)

**IT IS SO ORDERED this day 22nd of August, 2006.**

/s/ Timothy M. Burgess
_____
Timothy M. Burgess
District Court Judge